NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1183
_____

SNJEZANA JELACA BAGIC,
                                        Appellant

v.

UNIVERSITY OF PITTSBURGH; BERNARD J. COSTELLO,
DMD, MD, individually, and in his official capacity as Associate Dean
for Faculty Affairs of the University of Pittsburgh School of Dental Medicine

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court Civil No. 2-18-cv-00511)
District Judge: Honorable J. Nicholas Ranjan

Submitted Under Third Circuit L.A.R. 34.1(a)
October 7, 2022

BEFORE:  HARDIMAN, SHWARTZ, and NYGAARD, *Circuit Judges*

(Filed: December 6, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Dr. Snjezana Jelaca Bagic filed an employment discrimination lawsuit. The cause was tried to a jury which returned a verdict for the defense. Bagic appeals an order denying her motion for a new trial. Concluding that the issues she raises are wholly without merit, we will affirm.

I.

Dr. Bagic worked as an instructor and faculty member with a one-year term at the University of Pittsburgh School of Dental Medicine. She had a toxic work relationship with a colleague Dr. Sean Noonan, which finally erupted in a loud, angry and public confrontation.

Dr. Bernard Costello, Associate Dean of Faculty Affairs, following his internal investigation, found that Dr. Bagic threatened Dr. Noonan and had shown no remorse, and that she had violated both University policy and basic standards of professional behavior. The Dean then fired her. On review, the University's Chancellor found that the death threat had not been proven, but agreed with the findings and conclusions of a faculty review board that she had acted unprofessionally and violated University policy. The Chancellor retroactively reinstated Dr. Bagic for the rest of her term, concluding, however, that she would not be reappointed.

Dr. Bagic sued the University and Dr. Costello under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, alleging that the internal investigation and termination were motivated by discrimination based on her Croatian ethnicity. As noted, *supra,* the jury found for the

Defendants. Dr. Bagic moved for a new trial, which the District Court denied. She now appeals.

## II.[1]

Dr. Bagic raises two issues. First, she argues that the District Court erred by instructing the jury not to consider the alleged discriminatory animus of her coworker Dr. Noonan, unless she could show that the Defendants knew of and relied on his animus. Second, she contends that the District Court erred when addressing the jury's question regarding "Croatian Ethnicity."

## A.

We conclude that the District Court properly instructed the jury that, to prove her claim under § 1981, Dr. Bagic had to show that the Defendants intentionally discriminated against her. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389 (1982) ("§ 1981 reaches only purposeful discrimination"). The same is true for her § 1983 discrimination claim, whether under § 1981 or the Fourteenth Amendment. *See Washington v. Davis*, 426 U.S. 229, 239 (1976) (a claim under the Equal Protection Clause requires "[a] purpose to discriminate.") (citation omitted). It follows that Dr. Noonan's intent or bias, were there any, was relevant only if the

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over jury instructions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 929 (3d Cir. 1997). Absent any misstatement, however, we review the District Court's decisions regarding jury instructions for abuse of discretion. *See Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 191 (3d Cir. 1990).

decision-makers relied upon, or were influenced by, his allegedly discriminatory animus. The jury instruction was therefore proper.

Dr. Bagic also argues that the jury instruction was legally erroneous because it conflicted with so-called "cat's paw" liability. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 415–22 (2011).[2] That is, Dr. Bagic now contends that the District Court erred by instructing the jury that it could not consider Dr. Noonan's actions or motives as relevant unless they were known by the Defendants to be biased or false. She argues that this precluded the jury from considering whether the University was negligent when it allowed the allegedly discriminatory allegations to contaminate the decision-making process. But she failed to properly object. *See* Fed. R. Civ. P. 51(c)(1). Her counsel did not propose what the instruction needed to say, *i.e.,* that the jury must consider whether the University and Dr. Costello knew *or should have known* of Dr. Noonan's discriminatory animus. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008) (An argument is preserved for appeal when the objection provides the court "with sufficient notice of the bases for the objection and an opportunity to correct the alleged error."). Hence, she has not preserved this issue for appellate review. *See Lesende v. Borrero*, 752 F.3d 324, 335 (3d Cir. 2014).

---

[2] The cat's paw theory applies when "a biased [employee] who lacks decision-making power uses the formal decision-maker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *Woods v. City of Berwyn*, 803 F.3d 865, 869 (7th Cir. 2015) (quotation and citation omitted).

Finally, despite these failures, we can review for plain error that affects "substantial rights." Fed. R. Civ. P. 51(d)(2). We have done so and find no error, plain or otherwise.

B.

During deliberations the jury asked, "Can we get clarification of 'Croatian Ethnicity'"? App. 958. Dr. Bagic argues that the District Court committed reversible error when it failed to provide a definition of "Croatian Ethnicity" that included "characteristics of a national origin group." Appellant's Br. at 19. It hardly needs to be said that the District Court did not err its discretion by failing to define a homological term with the specificity or in the manner Bagic seeks. Its definition—"the fact of being Croatian"—was not an abuse of discretion.

\*      \*      \*

Because we find no error, we will affirm the District Court's order denying Dr. Bagic's motion for new trial.